17-1268
Yang v. Barr

BIA
Vomacka, IJ
A098 646 344

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of April, two thousand nineteen.

PRESENT:
GERARD E. LYNCH,
CHRISTOPHER F. DRONEY,
RICHARD J. SULLIVAN,
*Circuit Judges.*

_____

CHUANDENG YANG,
*Petitioner,*

v.                                        17-1268
                                          NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:        Doen Zheng, New York, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant
                       Attorney General; Terri J.
                       Scadron, Assistant Director;
                       Margot L. Carter, Trial Attorney,
                       Office of Immigration Litigation,
                       United States Department of
                       Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Chuandeng Yang, a native and citizen of the People's Republic of China, seeks review of a March 30, 2017, decision of the BIA affirming a July 11, 2016, decision of an Immigration Judge ("IJ") denying Yang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Chuandeng Yang,* No. A 098 646 344 (B.I.A. Mar. 30, 2017), *aff'g* No. A 098 646 344 (Immig. Ct. N.Y. City July 11, 2016).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

Because the BIA affirmed the IJ's adverse credibility ruling, we consider both the IJ's and the BIA's decisions on credibility "for the sake of completeness."  *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility

determination under a substantial evidence standard). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , the consistency of such statements with other evidence of record . . . , or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). Substantial evidence supports the agency's adverse credibility determination.

The agency did not err in finding that the document that Yang brought with him to the asylum interview — which included instructions and a crib sheet regarding how to answer questions about Christianity in an asylum interview — undermined his credibility. "It is well settled that, in assessing the credibility of an asylum applicant's testimony, an IJ is entitled to consider whether the applicant's story

is inherently implausible." *Wensheng Yan v. Mukasey*, 509 F.3d 63, 66 (2d Cir. 2007). Substantial evidence supports an implausibility finding if "the reasons for [the IJ's] incredulity are evident." *Id.* at 67. While "bald" speculation is an impermissible basis, "[t]he speculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience." *Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007). The agency did not err in finding implausible Yang's claim that he carried the document with him to evangelize because several parts of the document were relevant only to an asylum claim and not to teaching others about Christianity. *See Wensheng Yan*, 509 F.3d at 66-67.

Additionally, the agency reasonably relied on Yang having previously filed a fraudulent visa petition in finding him not credible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (requiring an IJ to consider "the totality of the circumstances"); *Xiu Xia Lin*, 534 F.3d at 165 (same); *Siewe*, 480 F.3d at 170 ("[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of

4

the alien's uncorroborated or unauthenticated evidence."). Although Yang testified that he was misled by an attorney, we defer to the IJ because the record supports the IJ's inference that Yang knew of the fraud given that Yang signed the petition and some of the supporting fraudulent documents were in Chinese. *See Siewe*, 480 F.3d at 167-68, 170.

Finally, Yang's corroborating evidence was insufficient to rehabilitate his credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The agency did not err in giving diminished weight to a letter from Yang's mother. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's decision to give little weight to letter from applicant's spouse in China); *In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010) (giving diminished weight to letters from relatives because they were from interested witnesses not subject to cross-examination), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir.

5

2012). Additionally, two letters from the Fellowship Bible Institute were inconsistent regarding when Yang started studying there. Although Yang argues that he corroborated his claim with his baptism certificate and photos of his religious activities, the IJ did not err in determining that there was limited evidence regarding Yang's church attendance, particularly as Yang did not have witness testimony regarding his church activities.

Given Yang's prior attempt to gain an immigration benefit by fraud, the evidence that his Christianity claim was rehearsed rather than based on actual experience, and his lack of reliable corroboration to rehabilitate his credibility, the "totality of the circumstances" supports the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Because Yang's claims were all based on the same factual predicate, the adverse credibility finding is dispositive of asylum, withholding of removal, and CAT relief. *See* *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court